Do you care which side they sit on? I don't care which side they sit on. Getting up to the lectern and talking before we have the courtroom quiet and orderly. Everybody is sitting down. Okay, Mr. Fortin. May it please the court. My name is Michael Fortin. I'm here on behalf of Legal Services Alabama representing Ms. Sheena Yarbrough. With me today are Ms. Lori McFalls and Farah Majid who did a lot of long, hard work on the briefs and I'm glad to have them here. Ms. Yarbrough is here today to ask this court to reverse the district court on two basic grounds. The first is that the, in this case, the public housing authority has the affirmative duty to approve a prima facie case before they can proceed, before there's any other question about preponderance of evidence, anything else that happens. And we don't believe they did that. And the second issue is that the only evidence offered by the housing authority is an indictment, which is an accusatory document under Alabama law. It is not a finding of guilt. It's not a finding of fact. It's simply a finding that there's reasonable cause to go forward with the trial. I've thought a lot about this case. I'll tell you where I'm coming from on it. There's one thing, we're bound by our precedent in, what is it, BASCO? I think BASCO is wrong. I'm just going to give you notice of that. I don't think that there's a right created by federal law to have us review evidence determinations of hearing officers for public housing authorities. That right, if you follow the blessing case law, Alexander versus Sandoval, all that, that has to be statutory. It can't be regulatory. The Supreme Court precedent about that is pretty clear. But we're bound by BASCO. So for the time being, the precedent is on your side. And I will say, Judge Pryor, surprisingly, I agree with you. I don't think that your job is to review the evidence in this case. I don't think that it's simply, you're not a... Well, BASCO says it is. Well, BASCO says it's a due process violation, which is different than saying that you review... Yeah, but that's wrong. Well, I guess, and BASCO sets back to Goldberg, which is the original case that said, in these cases, public benefits, Ms. Yarbrough's, you have her informal papyrus affidavit. She makes about $1,200 a year before this was filed. She depends very heavily on these benefits to survive, to raise her children. Like, and the same with, in Goldberg years, in the 70s, that was money benefits. But food stamps, all this sort of stuff. Yeah, but that doesn't give us the authority to make evidence reviews. BASCO does, but I want your candor about something that concerns me. It seems to me that you've got a strong argument that the indictment and arrest records, which are based on probable cause determinations, can't support a preponderance finding. Okay. But the one thing that scared me this morning, though, thinking about this case, and I just want your candor about this, is have you looked really around to figure out whether we have some case law that might suggest, in the sentencing context, that federal judges can make preponderance findings of, say, let's say something like a violation of supervised release based on nothing more than an indictment or arrest record? I don't want to do something that would be intentional with other precedents. I want to carefully consider them. But at the outset, it seems to me you've got a strong argument. Well, I haven't, Your Honor, honestly. Okay. I will say, however, that I was looking this morning at the case cited by the district court in this case, which was the Cayley case from the U.S. Supreme Court. I believe that the opposing side has mentioned it, and certainly the district court relied on it. And that's about the importance of the reasonable cause, the low burden to get an indictment. But even in that case, the Supreme Court says, and the only reason that you can have these non-adversarial, non-confrontational indictments is because the standard is so low, and it doesn't reach the preponderance of the evidence standard. And the Supreme Court has said that the standard in this case does not reach the preponderance of the evidence. Do you agree that what gives us the precedent for our circuit that gives you the right to the review of this determination is BASCO? Yes, in the Eleventh Circuit, certainly, Your Honor. Although, I will say, around the country, and I don't have, there, if you go look at BASCO, there's about 96 different cases that cite it now in Ohio, in Pennsylvania, and, you know. We may be leading all kinds of courts into error. Well, I will say that the one that I saw is the one that said, the one that said it's undeniable that the court has the right. And again, Your Honor, I certainly agree with you. I don't think that it's ever be appropriate. If there was, if they brought officers to testify at the hearing, and if there were witnesses, it's not the federal. Oh, yeah, that's a different determination, right. I don't think it's the federal court's job to review the evidence as, like, an appeals court or a de novo appeal. Well, how are we reviewing it then? Well, this is a de novo appeal from, but the question here is, did they even offer enough evidence that anybody could have possibly. . . Yeah, so it's a sufficiency of the evidence determination. Yes, Your Honor. But I feel like. . . In due process context, that's different than simply. . . BASCO is on your side, Mr. Ford. I will say, the framework laid out in BASCO, going through, just looking at the indictment, in terms of BASCO relied on GAM builders, which is the case that explains how the court should review hearsay evidence. When hearsay evidence is admissible in administrative hearings. If we pursue this due process theory of yours, okay, it seems to me it could come, you could ground it in a couple of different ways. One is you could argue that a housing authority violates procedural due process rights when it violates federal regulations. But we've rejected that argument in other contexts. You could also say that if the evidence is insufficient to satisfy the burden of proof, then that in and of itself is a due process violation. But we've said otherwise in other areas. I understand you're saying that this could be grounded in due process, but what's the best, if we take BASCO out of it, what would be the best authority for that? I think, Your Honor, in Goldberg, if you're going to have some sort of system, before you terminate people, and the Supreme Court determined that there was some sort of property interest in the benefits, if you're going to take those benefits, you have to have some sort of review. In these cases, in public housing. . . There's no fundamental right to welfare benefits. It can't be substantive due process. No, it's procedural due process, Your Honor. Okay. I think Goldberg says there's a property interest in the property. Before the state can deprive you of the property, they have to give you some sort of due process. The problem is that, as the Supreme Court ruled in Mackey v. Montrem, that the due process clause has never been construed to require that procedures used to guard against an erroneous deprivation of a protectable property or liberty interest be so comprehensive as to preclude any possibility of error. The due process clause simply does not mandate all governmental decision-making comply with standards that assure perfect error-free determinations. And I agree, Your Honor, and I think that it's true, and I think that, again, you could bring police officers in to testify at these hearings. There could be witnesses who come and testify, and they could reach the wrong decision, certainly. In my opinion, they do. But in this case, and in the previous case that we had with the housing authority, which is cited in the briefs, it's Taylor v. Decatur Housing Authority. In that case, all I brought was a newspaper article saying that you've been accused of something. If what the Court is suggesting is that any evidence at all ever offered would never have any review, then… No, what I'm suggesting is that if there's going to be a right to review, that it has to be – that right has to be created by Congress. Well, and… That, it seems to me, is what the Supreme Court has said. And 1983, just invoking 1983 doesn't get you there, right? Well, the Court – and then I guess I'm back at BASCO now. Yeah, you're back at BASCO, right? The Court has ruled that as a matter of procedural due process, like, you have to have something – like, you have to have the ability to review it. Otherwise, dang, any rights that you would have under 1983 or Goldberg would just be – they would be illusory. There would be nothing to review. There would be nothing. The Housing Authority gets to pick their hearing officer. They can be an employee of the Housing Authority. They can pay the person. If they don't like the person, they can pick a different person next time. It's extremely – the whole arrangement under 982555, which is the statute that allows this stuff, pretty much favors the Housing Authority. I see my time is up, and so… Well, you've saved five minutes for rebuttal. Thank you. Mr. Hill? May it please the Court. Rudy Hill and Chuck Stewart for Decatur Housing Authority. I'd like to begin my argument with this Court's ability or standard to review the fact-finding of the State Public Housing Authority. How can it be that probable cause determinations, which is what arrest records and indictments are, are enough to satisfy a finding based on a preponderance standard? How can that be, with the absence of any witness testimony or anything else? Well, in response to that, Your Honor, first I would say that this Court need not reach that issue because there's other evidence in this record beyond the indictments. And arrest records? There's the testimony of the tenant herself at the hearing, Your Honor. What did she say that would support the determination? She did not invoke her Fifth Amendment rights, so she did address the allegations that had been advanced against her with the indictments by the Housing Authority through submitting the indictments in their case. What did she testify? She testified that those charges were, she had an agreement that those charges would be dismissed upon But she didn't say anything about the substance of the drug charge that I could see, did she? No, Your Honor, she did not address the underlying facts of her engagement or litigation. Or did she deny them, right? I mean, you know, so that doesn't get us into the case law that we have that says that the fact finder could disbelieve the denial and take that as substantive evidence of guilt. We don't have that. Well, Your Honor, I do believe in this case the fact finder could hear her testimony, engage her credibility, and specifically her failure to address any of the others. But if she doesn't say anything one way or another about the facts, how does that help you? Well, she also testified that she had an agreement with the Housing Authority to defer termination based on the alleged criminal conduct until Okay, so after a resolution which the hearing officer heard her testimony on and rejected that testimony, finding against her and weighing the testimony of the Housing Authority representative. I don't know how that helps you, though, about a finding that she had engaged in drug-related activity. Well, I think in this context, Your Honor, when the underlying termination is based on engagement in criminal activity. He didn't cite anything other than the indictments in making his finding that she engaged in drug activity, right? Yes, Your Honor. In his findings, he also mentions the fact she testified that there was an agreement not to terminate her benefits. But as to the drug activity, the only thing he cited was the indictment. I know he talked about the agreement, but I'm talking about the drug activity. The only thing he referred to was the indictment. He didn't refer to her testimony. Yes, Your Honor. He did refer to the indictment. And that indictment, while not showing proof beyond a reasonable doubt. It doesn't even show probable cause. I mean, it doesn't even show preponderance of the evidence. Probable cause, feel probability, right? Yes, Your Honor. I think in the context of indictments the Supreme Court has held in Cayley that they conclusively established the existence of probable cause. I would argue that if this Court holds us to the fact that in the Housing Authority's case-in-chief in an informal hearing, it had to present evidence rising to the level of a preponderance of the evidence. Multiple indictments conclusively establish probable cause and can... How can you look at an indictment and say, oh, this is one that was required to meet preponderance of the evidence and this is one that was only a probable cause indictment? How can you look at the face of them and tell the difference in your view? Yes, Your Honor. In this situation, we have two indictments and the indictments on their face show that they were issued by a duly impaneled grand jury based on the sworn testimony. Every indictment is issued by a grand jury. Yes, Your Honor. In this case, the witness was a police officer who gave sworn testimony. Some of the case law in looking and reviewing these fact findings have held that... You're going into the grand jury proceeding. My question is about the face of the indictment. You say in your brief, you know, sometimes indictments establish by a different... Let's see, burden of proof and granted probable cause, but that does not mean indictments tested on a cross-examination and informal hearing also cannot...cannot also establish by preponderance of the evidence that the recipient engaged in drug-related activity. So how do you know? I mean, if we're looking at an indictment on its face, we don't know what happened in the grand jury proceeding because, after all, those are secret. How do you know? Under your view, which one has had this preponderance of the evidence finding? Which one had a failed probability finding? Your Honor, I would say if we were dealing with a paper record, we would be limited to that. However, the context of an informal hearing allows the presentation of those indictments and gives the tenant the opportunity to cross-examine the person presenting those indictments and establish any inconsistencies. Okay, so that sounds like to me you're saying you can't tell from the face of the indictment which one falls into these two categories that you've given us. Limited solely to the face of the indictment, no, Your Honor. In this case, when they're subject to cross-examination in the context of an informal hearing, I believe you can. But I don't believe this Court need to reach the difference between a substantial evidence finding and a preponderance finding because that is relegated to the fact finder. This Court, in other contexts reviewing at least federal administrative agency action, has held that its review is to determine whether substantial evidence exists on the record as a whole to support . . . It would have to be substantial evidence that would support a finding that it was more likely than not that the individual had engaged in drug-related activity. And all the hearing officer has to go on is documents that say that there was probable cause to believe that she had engaged in drug-related activity. It seems to me you're missing what you need, Mr. Hill. Your Honor, in the context of informal hearings, there is an interesting question presented by this case as to if we're going to look solely at the housing authority's case in the context of administrative proceedings and ask what is their burden in the initial case. I would submit to the Court that proposing a preponderance burden on them in their initial case-in-chief is not in accord with Goldberg, not in accord with the implementing regulations. And if BASCO holds . . . Is BASCO right? I don't believe BASCO is correct, Your Honor. We didn't address . . . We're bound by it. I just wondered whether you've thought about whether it's right or not. You've certainly been thinking about it for the last 15 minutes. It wouldn't be the first time that he's had to think about something I talked about. Well, I would submit to the Court certainly that if he determines BASCO is wrong, that this Court has the ability to review state agency fact-finding. This Court can certainly overrule BASCO in that respect. I also believe BASCO was incorrect to the extent that it holds there's some sort of formulaic burden application to a housing authority. I just wonder what the authority is for a 1983 review of a hearing officer's determination of a Section 8 housing voucher. I just don't see where the statutory right to invoke the authority of the Federal Court comes from. Yes, Your Honor, and we would argue . . . BASCO assumes it, but I don't know where it comes from. But you agree we're bound by BASCO, at least while we're sitting here this morning, right? I certainly do, Your Honor. While we're sitting here and while we're addressing BASCO, I would submit that to the extent it imposed a preponderance standard on the housing authority's case in chief at an informal hearing, it's inconsistent with Goldberg and it's inconsistent with the implementing regulations. Goldberg says in talking about procedural due process requirements that must be adhered to in pre-termination evidentiary hearings, informal procedures will precise due process does not require a particular mode or order of offering evidence. The implementing regulations also say factual determination shall be based on a preponderance of the evidence presented at the hearing. So I would argue that we are not limited to zeroing in on the housing authority's presentation of two indictments in their case here. We're also able to look at the rest of the hearing in which the hearing officer did make a credibility determination about the tenant. On another matter, not on the drug activity. It had to do with her interaction about the criminal charges. Your Honor, I would submit that her failure to address those factual allegations is also a pertinent consideration of the hearing officer in this situation. We might be dealing with a different question had she invoked her Fifth Amendment right and if that could be used against her. But she did not and she did not address or deny or in any way refute the allegation that she had engaged in drug-related criminal activity. And that can form substantial evidence in addition to the indictments to support. The fact that she didn't say something one way or another can constitute substantial evidence? Yes, Your Honor. This court held in the school board of Broward County. Predecessor, I'm sorry, Fifth Circuit 525 FCD 900. We find that the absence of contradictory evidence in the present record goes far towards supporting and finding that hearsay constitutes substantial evidence. So I do think... Okay, hearsay, maybe so. But what I asked was if she doesn't testify one way or the other about whether she engaged in drug-related activity. So if she doesn't admit it, that'd be one thing. I'd be with you. That could support a finding under a preponderance standard. If she denied it and the hearing officer disbelieved her, thought that she was lying, that might also be substantial evidence. But when she doesn't do either, I don't know how the absence of testimony supports a finding. Well, Your Honor, I would say what you're saying there is a comparison to had she rested after the housing authority's case. There would be nothing there to judge her credibility. Here, she did address... Credibility about what, though? Credibility about what? If she doesn't talk about the drug-related activity, there's nothing to judge her credibility about that issue, right? I think her testimony that there was an agreement, although not directly relating to the underlying conduct, did relate to the allegation that she had engaged in and the indictments and the hearing officer... How? How does that work? Well, it's generally one of the three reasons they sought her termination. It did concern her indictments and her charges. She testified that they were going to be dismissed. Okay, they were going to be dismissed, but she didn't testify about whether she had engaged in it or not. And nor did the hearing officer suggest that she had made any assertion about that. Yes, Your Honor, that's correct. I would say, however, that if there is a burden to be imposed on the housing authority's case in chief in this situation, which we disagree with to the extent BASCO holds that, it would be to come forward with substantial evidence. And to determine when hearsay can comprise substantial evidence, this Court has looked to the Jams Factor four-factor test. So if this Court disagrees with us that the fact finder's credibility determination could be used as substantial evidence, we must focus on the indictments. And in this case, I believe those indictments do rise to the level of substantial evidence. They were issued based on the sworn testimony of a police officer. The first factor of that test looks to whether there's any evidence of bias or conflict of interest on the declarant of the hearsay. Here we have an unbiased dueling panel grand jury. We have the sworn testimony of a police officer. Grand jury made a probable cause determination. That's all the grand jury did, right? Yes, Your Honor, they did issue a probable cause determination. I mean, they issued an indictment. And as a matter of law, that indictment only required them to make a determination of probable cause, right? That's correct. That's correct. Ms. Yarbrough relies on the presence of an out-of-court declarant as another level. I mean, do you think that the – let's say the hearing officer standard was beyond a reasonable doubt, that Congress really wanted to ensure that people weren't kicked out of public housing or HUD didn't want people kicked out of public housing unless there was really strong evidence. Would you think an indictment would support a finding by a hearing officer under a beyond a reasonable doubt standard? No, Your Honor. I would say, however, that – What about clear and convincing evidence? I think a lot of that will depend on the crime charged, what's in the indictment. My argument would be a lot easier if we had the arrest reports that had been presented to the hearing officer in this case, but they weren't, so we do have the indictments. But I think as you get closer and closer to probable cause, which preponderance is certainly closer than clear and convincing and beyond a reasonable doubt, on the right facts, indictments can meet that standard. And I would add, to the extent this Court does determine it can review what this agency did, its scope of review is substantial evidence, not preponderance. To the extent the evidence rose from substantial to preponderance, that was in the province of the fact finder. The problem is the substantial evidence here is a probable cause determination. As you can see, my time has expired. We would ask you to do that. Thank you, Mr. Hill. Mr. Thornton, you saved some time for rebuttal. Thank you, Your Honor. I would like to begin by noting that all public housing was created as part of the Brooke Amendment. It started in the late 30s, part of the Great Depression, trying to help people towards the end of that. So all the implementing regulations in this case, all the HUD regulations have been delegated to them through statutory authority from Congress. And, indeed, neither Goldberg nor this Court created the preponderance of the evidence statute or standard. That's in 982555. That's part of the regulation issued.  It's not in the statute. And so to the extent that that's the basic burden on a housing authority to meet, again, then at least it's a statutory grant of authority to the administrative agency. One of the things I wanted to note is that, again, even in oral arguments, the housing authority is trying to shift the burden back over to Ms. Yarbrough. Like BASCO and even the regulation indicate that it's their burden to prove. And they say, well, why didn't Ms. Yarbrough come and talk about it? She was present. The housing authority has the – like it was their chance to prove their case that she was there to answer any questions. They elected not to ask any questions. And, in fact, even in reviewing this indictment – And they ask you a hypothetical. Make you uncomfortable. He said with a smile. Give me a try. But let's say the hearing officer had asked her whether she had engaged in drug-related activity, and she had denied it. And then the hearing officer said, I think you're lying. Would that constitute sufficient evidence to terminate? I don't believe so, Your Honor. And basically, I don't believe so. We've said in the context of criminal trials where the government has the burden of prove beyond a reasonable doubt that when the defendant takes the stand and denies under oath the criminal activity, not only can the fact finder disbelieve that testimony, but can take it as substantive evidence of guilt. Since we have held that many, many, many times, why couldn't the hearing officer do that? Well, I think that the reason that they couldn't do that is because in this case, we talked a lot about BASCO, but there's BASCO. There's also Ervin and Lane, which come out of BASCO. All three of those cases – Lane is an unpublished opinion. Yes, Your Honor. But in each one of those cases, the individual denied. They denied the claims. They were actually asked in those cases by the housing authority what was going on. They denied it. And in those cases, the 11th Circuit has said you cannot – that under reviewing the totality of those hearings, that it would not be substantial evidence. I do agree with the housing authority that one of the big tests here is substantial evidence. It's cited in BASCO. It's cited in Ervin as well. And the question is, is it more than a scintilla, and is it such relevant evidence, as a reasonable person would accept as adequate to support a conclusion? Would a reasonable person take whatever evidence is being offered to support a conclusion? I don't know, through American tradition, who would think that being accused of a crime that is in the process of being dismissed – if you told me one of my neighbors was accused of a crime but it was being dismissed, I would never come to the conclusion that they'd obviously done it. And, in fact, the state courts of Alabama have said that the indictment is nothing more than a chance to prove out a reasonable doubt and bring a trial where a person may be – Of course, what happened here is that she said they're about to be dismissed. The hearing officer disbelieved that, right? Actually, the hearing officer – he said in his decision that these charges – because we presented an order saying that these charges are going to be dismissed upon payment of costs. And he noted in his decision, I believe they're going to be dismissed. And still said – What is it that he didn't believe about her testimony? He didn't say. Okay. He just said – well, what he said was that the burden – what he said was that the burden in an administrative hearing was preponderance. The burden in a criminal case would have been beyond a reasonable doubt. So the fact that they had dismissed it in criminal court didn't necessarily mean that it wouldn't be able to be proved in the administrative hearing. But they didn't even go on to say what did prove it. Okay. Got it. All he said was that it would have been a higher standard in criminal court. So the fact that it was being dismissed. Got it. And so for – I see my time is running out, Your Honor. And so if there are no further questions, we would ask that the court reverse the district court. Do you have any questions? No, thank you. Thank you, Mr. Ford. Thank you. Okay.